IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED

MAY 2 6 2026

IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By ____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:26CR105-1 |
| | : | |
| RYAN LYNN GAINES | : | |

The Grand Jury charges:

## COUNT ONE

On or about March 19, 2026, in the County of Randolph, in the Middle District of North Carolina, RYAN LYNN GAINES knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWO

On or about March 19, 2026, in the County of Randolph, in the Middle District of North Carolina, RYAN LYNN GAINES, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine hydrochloride, as more fully referenced in Count One of this Indictment, did knowingly possess

a firearm, that is, a Glock .40 caliber handgun; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT THREE

On or about March 19, 2026, in the County of Randolph, in the Middle District of North Carolina, RYAN LYNN GAINES knowingly did possess in and affecting commerce a firearm, that is, a Glock .40 caliber handgun, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and with knowledge of that conviction; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant, RYAN LYNN GAINES, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title and interest in and to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate

2

the commission of, such violation.

3.     Upon conviction of one or both of the offenses alleged in Counts Two and Three of this Indictment, the defendant, RYAN LYNN GAINES, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offenses.

4.     The property subject to forfeiture pursuant to paragraphs 2 and 3 above may include, but shall not be limited to, the following:

      a.     Glock 23, .40 caliber handgun bearing serial number HKY546, containing one (1) magazine;

      b.     Forty-six (46) rounds of assorted .40 caliber ammunition;

      c.     Fifty-one (51) rounds of assorted 9mm ammunition;

      d.     Forty-four (44) rounds of assorted .380 ammunition; and

      e.     Four (4) magazines;

5.     If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence, has been transferred or sold to or deposited with a third person, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States,

3

pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: May 26, 2026

DAN BISHOP
United States Attorney

BY: PAIGE FISH
Special Assistant United States Attorney

A TRUE BILL:

FOREPERSON

4